SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-145

| | |
|---|---|
| MITZI MOLGADO PLASCENCIA<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES<br>APPELLEE | Opinion Delivered August 26, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION [NO. JV-2014-230]<br><br>HONORABLE WILEY A. BRANTON, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

### M. MICHAEL KINARD, Judge

This is an appeal from an order terminating appellant's parental rights to her four minor children. The children were removed from appellant's custody in February 2014 after she was arrested for her participation in the delivery of methamphetamine. At the time, appellant had her youngest child, then ten months old, in the car with her. Two of her children, including the infant, tested positive for methamphetamine upon being taken into appellee's custody. Appellant's parental rights were terminated in October on findings by clear and convincing evidence that termination was in the children's best interest and that several statutory grounds existed, including that appellant had previously had her rights to another child involuntarily terminated. *See* Ark. Code Ann. § 9-27-341(b)(3)(A) & (B)(3)(ix)*(a)(4)* (Supp. 2013). Further, there was evidence that appellant failed to comply with major parts of the case plan, that she continued to test positive for illegal drugs for

several months after the children had been removed from her custody, that she had been arrested at least twice for offenses occurring after the case had begun, and that she was the object of retaliation by a drug cartel due to her "losing" $20,000 of cartel money to police confiscation. There was also evidence that the children were adoptable.

Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief contains an abstract and addendum of the proceedings below, details all adverse rulings made at the termination hearing, and explains why there is no meritorious ground for reversal. Pursuant to Rule 6-9(i)(3), appellant has filed a pro se statement in which she discusses the sufficiency of the evidence and pleads for additional time to comply with the case plan.

Although appellant insists that she has made recent improvements and pleads for "another chance" to prove that she can be a "good mother," sufficiency is adequately covered in her attorney's brief, and post-termination progress is not a ground for reversal of an order terminating one's parental rights. *Weaver v. Arkansas Department of Human Services*, 2012 Ark. App. 437. From our review of the record and the briefs, we conclude that counsel has complied with Rule 6-9(i), and we hold that the appeal is wholly without merit. Accordingly, we grant the motion to withdraw and affirm the termination order.

Affirmed; motion to withdraw granted.

HARRISON and GLOVER, JJ., agree.

2

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

*Tabitha Baertels McNulty*, Office of Policy & Legal Services, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor child.